**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| NAUTILUS INSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| WORLD WRECKING & SCRAP | ) | |
| SALVAGE SERVICES, INC; ACTIVE | ) | |
| HOLDINGS GROUP d/b/a GENCORP | ) | |
| SERVICES, LLC; ROSETTA RICKS; | ) | |
| SHAUN RICKS; DEMETRIUS RICKS; | ) | |
| CHERHETA RICKS; BEN RICKS, JR.; | ) | |
| SHANDOSIA CRISS; ENIYA HALE; | ) | |
| JOEY HALE, JR.; and BARBARA | ) | |
| HOPE, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff NAUTILUS INSURANCE COMPANY ("Nautilus") by and through the undersigned attorneys, and for its Complaint for Declaratory Judgment against Defendants WORLD WRECKING & SCRAP SALVAGE SERVICES, INC; ACTIVE HOLDINGS GROUP d/b/a GENCORP SERVICES, LLC; ROSETTA RICKS; SHAUN RICKS; DEMETRIUS RICKS; CHERHET RICKS; BEN RICKS, JR.; SHANDOSIA CRISS; ENIYA HALE; JOEY HALE, JR.; and BARBARA HOPE, states as follows:

**Nature of Action**

1.     Plaintiff Nautilus is an insurance company and issued a policy of insurance to Defendant World Wrecking & Scrap Salvage Services, Inc. ("World Wrecking").  Nautilus brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure seeking a declaration with respect to its duty to

defend and indemnify World Wrecking and Active Holdings Group d/b/a Gencorp Services, LLC, under the Nautilus policy of insurance for two Petitions for Wrongful Death styled (1) *Eniya Hale et al. v. Active Holdings Group d/b/a Gencorp Services et al*., cause number 1922-CC10745, and (2) *Rosetta Ricks, et. al. v. Active Holdings Group d/b/a Gencorp Services, LLC et al*., cause number 1922-CC11419, pending in the Circuit Court of the City of St. Louis, State of Missouri.  Nautilus seeks a declaration that no coverage is available under the subject Nautilus Policy and that Nautilus has no obligation to defend or indemnify World Wrecking and/or Gencorp in connection with the *Hale* or *Ricks* lawsuits.

2.      There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the Nautilus Policy. Nautilus contends that there is no obligation to defend or indemnify World Wrecking and/or Gencorp in connection with the claims asserted in the underlying lawsuits based on the terms of the Nautilus Policy and applicable law.

3.      Nautilus has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Nautilus Policy.  A judicial declaration is necessary and appropriate at this time so that Nautilus may ascertain its rights and duties with respect to defense and indemnity under the Nautilus Policy for the underlying *Hale* and *Ricks* lawsuits.

4.      Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

5.      Venue is appropriate in this district pursuant to 28. U.S.C. § 1391(a), in that the underlying lawsuits are pending in this district and a substantial part of the events giving rise to this claim occurred in this district.

## The Parties

6.      Nautilus Insurance Company is an Arizona corporation engaged in the insurance business with its principal place of business in Scottsdale, Arizona.

7.      Defendant World Wrecking is a Missouri corporation with its principal place of business at 7 Summerhill Lane, Chesterfield, Missouri 63017.

8.      Defendant Active Holdings Group d/b/a Gencorp Services, LLC, is a Missouri corporation with its principal place of business at 907 Dock Street, St. Louis, Missouri 63147.

9.      Defendant Eniya Hale is a citizen and resident of Missouri, residing in the City of St Louis.  Eniya Hale is the natural daughter of decedent Joey Hale, and a plaintiff in the underlying *Hale* lawsuit.  Eniya Hale is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case.  If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Nautilus will voluntarily dismiss Defendant from this action.

10.     Defendant Joey Hale, Jr., is a citizen and resident of Missouri, residing in the City of St Louis.  Joey Hale, Jr. is the natural son of decedent Joey Hale, and a plaintiff in the underlying *Hale* lawsuit.  Joey Hale, Jr., is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that he may be bound by the judgment entered in this case.  If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Nautilus will voluntarily dismiss Defendant from this action.

11.     Defendant Barbara Hope is a citizen and resident of Missouri, residing in the County of Jackson, Missouri.  Barbara Hope is the mother of decedent Joey Hale, and a plaintiff in the underlying *Hale* lawsuit.  Barbara Hope is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case.  If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Nautilus will voluntarily dismiss Defendant from this action.

12.     Defendant Rosetta Ricks is a citizen and resident of Missouri.  Rosetta Ricks is the wife of decedent Ben Ricks, Sr., and a plaintiff in the underlying *Ricks* lawsuit.  Rosetta Ricks is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case.  If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Nautilus will voluntarily dismiss Defendant from this action.

13.     Defendant Shaun Ricks is a citizen and resident of Missouri.  Shaun Ricks is the natural son of decedent Ben Ricks, Sr., and a plaintiff in the underlying *Ricks* lawsuit.  Shaun Ricks is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that he may be bound by the judgment entered in this case.  If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Nautilus will voluntarily dismiss Defendant from this action.

14.     Defendant Demetrius Ricks is a citizen and resident of Missouri.  Demetrius Ricks is the natural son of decedent Ben Ricks, Sr., and a plaintiff in the underlying *Ricks* lawsuit.  Demetrius Ricks is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that he may be bound by the judgment entered

in this case.  If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Nautilus will voluntarily dismiss Defendant from this action.

15.     Defendant Ben Ricks, Jr., is a citizen and resident of Missouri.  Ben Ricks, Jr., is the natural son of decedent Ben Ricks, Sr., and a plaintiff in the underlying *Ricks* lawsuit.  Ben Ricks, Jr., is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that he may be bound by the judgment entered in this case.  If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Nautilus will voluntarily dismiss Defendant from this action.

16.     Defendant Cherheta Ricks is a citizen and resident of Missouri.  Cherheta Ricks is the natural daughter of decedent Ben Ricks, Sr., and a plaintiff in the underlying *Ricks* lawsuit.  Cherheta Ricks is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case.  If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Nautilus will voluntarily dismiss Defendant from this action.

17.     Defendant Shandosia Criss is a citizen and resident of Missouri.  Shandosia Criss is the natural daughter of decedent Ben Ricks, Sr., and a plaintiff in the underlying *Ricks* lawsuit.  Shandosia Criss is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case.  If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Nautilus will voluntarily dismiss Defendant from this action.

### The Underlying Lawsuits

18.     On July 17, 2019, Eniya Hale, Joey Hale, Jr., and Barbara Pope, relatives of Joey Hale, filed a Petition for Wrongful Death, cause number 1922-CC10745, against World

Wrecking, among others, in the Circuit Court for the City of St. Louis, Missouri (the "*Hale* lawsuit").  A copy of the *Hale* lawsuit is attached hereto as **Exhibit A**.

19.     Similarly, on September 4, 2019, Rosetta Ricks, Shaun Ricks, Demetrius Ricks, Cherheta Ricks, Ben Ricks, Jr., and Shandosia Criss, relatives of Ben Ricks, Sr., filed a Petition for Wrongful Death, cause number 1922-CC11419, against World Wrecking and others in the Circuit Court for the City of St. Louis, Missouri (the "*Ricks* lawsuit").  A copy of the Ricks lawsuit is attached hereto as **Exhibit B**.

20.     The allegations of the *Hale* and *Ricks* lawsuits are largely identical, and for ease of reference will be collectively referred to as "the underlying lawsuits."  The individual plaintiffs in the underlying lawsuits will collectively be referred to as "the underlying petitioners."

21.     According to the underlying petitioners, on June 4, 2018, Joey Desmond Hale and Ben Ricks, Sr., were working at property located at 1501 Washington Avenue, St. Louis, Missouri 63103 ("the Property") as part of a renovation project to convert the International Shoe Co. building into a hotel.

22.     Plaintiffs allege that Active Holdings Group d/b/a Gencorp Services LLC ("Gencorp"), was the general contractor for the demolition work at the Property.

23.     It is alleged that Mr. Hale and Mr. Ricks were construction workers employed by World Wrecking to perform demolition work inside the building's freight elevator shaft.

24.     At the time of the accident, the underlying lawsuits allege that Mr. Hale and Mr. Ricks were occupying a single point adjustable work basket scaffold located in freight elevator shaft #1.

25.     The underlying petitioners allege that the work basket was being hoisted up the elevator shaft by a motorized wire rope pulley system when the rope failed, causing the work basket occupied by Mr. Hale and Mr. Ricks to fall down the elevator shaft.  As a result of the fall down the shaft, Mr. Hale and Mr. Ricks sustained physical and emotional injuries, and ultimately died of their injuries.

26.     The underlying lawsuits, respectively, include a single cause of action against World Wrecking sounding in "conduct with the specific purpose of injury."  The underlying petitioners allege that Mr. Hale and Mr. Ricks were employees of World Wrecking and that World Wrecking breached its duties to Mr. Hale and Mr. Ricks by failing to prevent exposure to falling hazards during demolition of the Property; failing protect from the hazard of falling; failing to ensure that either ground fault circuit interrupters or an assured equipment grounding conductor program was used; failing to ensure that the wire rope support cable, clips and structural integrity of the work basket were properly inspected; failing to ensure adequate personal arrest fall system or guardrail system was provided to decedents; permitting decedents to occupy a work basket that it knew or reasonably could have known was in a dangerous and defective condition; failing to ensure decedents had received proper fall hazard training; failing to conduct an inspection of the wire cable rope on the work basket scaffold; and permitting the wire cable rope on the work basket to be in dangerous proximity to electrical wiring that was not properly grounded.

27.     The underlying petitioners allege that Gencorp was negligent in failing to provide safe equipment to the decedents and failing to prevent exposure to fall hazards during demolition.

28.     The underlying lawsuits allege that the acts of World Wrecking were intentional and that World Wrecking acted with the specific purpose of injuring Joey Hale and Ben Ricks, Sr.  The underlying lawsuits, respectively, seek to recover all damages, including funeral expenses, pain and suffering experienced by the decedents, costs incurred, and punitive damages.

29.     On August 30, 2018, Gencorp, the general contractor for the demolition work at the Property and defendant in the underlying lawsuits, tendered its defense and indemnity to World Wrecking pursuant to the terms and conditions of an unsigned, draft AIA Contractor and Subcontractor Agreement (the "Gencorp Demand").

30.     The AIA Contractor and Subcontractor Agreement between Gencorp and World Wrecking that is the basis of the Gencorp Demand is unsigned by either party, purports to be a "Draft" of the parties' agreement, and is missing one or more exhibits referenced in the agreement.

31.     The Gencorp Demand claims that World Wrecking is obligated to defend, indemnify and provide insurance for Gencorp for the claims made by the Estates of Joey Hale and Ben Ricks, Sr., respectively, under the terms of the AIA Contractor and Subcontractor Agreement.

32.     The Gencorp Demand also alleges that Nautilus is required to provide Gencorp with liability insurance for the Hale and Ricks claims as an "additional insured" under the Nautilus Policy issued to World Wrecking.

**The Nautilus Policy**

33.     Nautilus issued a commercial general liability insurance policy to World Wrecking & Scrap Salvage Services, policy No. NN924824, for the policy period of May 14, 2018, to May 14, 2019 (the "Policy").  The Policy provides $1,000,000 of liability coverage for each covered "occurrence," subject to a general aggregate limit of $2,000,000, and a $500

deductible for bodily injury and property damage liability combined.  A copy of the Nautilus Policy is attached hereto as **Exhibit C**.

34.     Gencorp is not identified as a Named Insured, insured, or "additional insured" in the Policy Declarations, endorsements or policy attachments, or otherwise.  Further, the Policy does not include any "blanket" additional insured or similar endorsement that provides coverage to Gencorp as an "additional insured" or "insured" for the underlying lawsuits.

35.     Section I, Coverages, Coverage A (Bodily Injury and Property Damage Liability), provides, in relevant part, as follows:

**SECTION I - COVERAGES**

**COVERAGE A.  BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

> **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. […]

> **b.**  This insurance applies to "bodily injury" and "property damage" only if:

>> **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

>> **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

* * *

36.     Section V., Definitions, of the Policy defines the terms "bodily injury" and "occurrence" as follows:

**SECTION V – DEFINITIONS**

**3.**  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

37.     The Policy also includes an exclusion 2.a (Expected Or Intended Injury), that provides that this insurance does not apply to:

**a.      Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

38.     The underlying lawsuits allege that World Wrecking acted intentionally and that it acted with the specific purpose of injuring Joey Hale and Ben Ricks by failing to ensure adequate protections and that the work basket scaffold was free from dangerous or defective conditions.

39.     The underlying lawsuits allege solely intentional, not negligent, acts against World Wrecking, and therefore, fail to allege an "occurrence" as defined by the Policy.

40.     Similarly, exclusion 2.a. precludes coverage for "bodily injury" expected or intended from the standpoint of World Wrecking.  To the extent that the lawsuits satisfy the Insuring Agreement of the Policy, exclusion 2.a. bars coverage.

41.     The Policy also contains form L205 (11/10), entitled Exclusion – Injury to Employees, Contractors, Volunteers and Other Workers, which states as follows:

## EXCLUSION - INJURY TO EMPLOYEES, CONTRACTORS, VOLUNTEERS AND OTHER WORKERS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**     Exclusion **e. Employer's Liability** of **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability** is **replaced** by the following:

This insurance does not apply to:

**e.      Injury to Employees, Contractors, Volunteers and Other Workers**

"Bodily injury" to:

**(1)**     "Employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors

of any insured; or

**(2)** Any insured's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors

arising out of and in the course of:

**(a)** Employment by any insured; or

**(b)** Directly or indirectly performing duties related to the conduct of any insured's business; or

**(3)** The spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, seasonal worker, contractor, subcontractors, or independent contractor arising out of Paragraph **(1)** or **(2)** above.

This exclusion applies:

**(1)** Regardless of where the:

**(a)** Services are performed; or

**(b)** "Bodily injury" occurs; and

**(2)** Whether any insured may be liable as an employer or in any other capacity; and

**(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

**B.** Exclusion **a. Any Insured** of **2. Exclusions** of **Section I - Coverage C - Medical Payments** is **replaced** by the following:

We will not pay expenses for "bodily injury":

**a.** **Any Insured**

To any insured.

All other terms and conditions of this policy remain unchanged.

(hereinafter referred to as the "Injury to Employees Exclusion").

42.     The Policy defines the terms "employee," "leased worker," "temporary worker", and "volunteer worker" as follows:

**5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business.  "Leased worker" does not include a temporary worker.

19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave to meet seasonal or short-term workload conditions.

20. "Volunteer worker" means a person who is not your "employee", and who donates his or her work and acts at the direction of and within the scope of duties determined by you, and is not paid a fee, salary or other compensation by you or anyone else for their work performed for you.

43.     The Injury to Employees Exclusion bars coverage for, among other things, bodily injury to (1) World Wrecking's "employees," "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors; or (2) any of World Wrecking's contractors', subcontractors', or independent contractors' "employees", "leased workers", "temporary workers", "volunteer workers", statutory "employees", casual workers, seasonal workers, contractors, subcontractors, or independent contractors, arising out of and in the course of (1) employment by World Wrecking or any insured; or (2) directly or indirectly performing duties related to the conduct of World Wrecking's business.

44.     The Injury to Employees Exclusion also applies to any claim or suit by the spouse, child, parent, brother or sister of that "employee", "leased worker", "temporary worker", "volunteer worker", statutory "employee", casual worker, seasonal worker, contractor, subcontractor, or independent contractor arising out of the "bodily injury" referenced above.

45.     The Policy also contains form L282 (07/10), entitled Exclusion-Contractors And Subcontractors which states:

# EXCLUSION - CONTRACTORS AND SUBCONTRACTORS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability**, **Coverage B - Personal And Advertising Injury Liability** and **Coverage C - Medical Payments**:

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of work performed by any contractor or subcontractor whether hired by or on behalf of any insured, or any acts or omissions in connection with the general supervision of such work.

All other terms and conditions of this policy remain unchanged.

(hereinafter referred to as the "Contractors or Subcontractors Exclusion").

46.     The *Hale* and *Ricks* lawsuits allege that Mr. Hale and Mr. Ricks were construction workers employed by World Wrecking and that World Wrecking breached its duties to each of its employees to provide a place of employment and equipment that is free from recognized hazards.

47.     Accordingly, the Injury to Employees Exclusion and/or Contractors or Subcontractors Exclusion bar coverage.

48.     The Policy contains an exclusion 2.d (Worker's Compensation And Similar Laws), which provides that this insurance does not apply to:

      **d.**    **Workers Compensation And Similar Laws**

            Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

49.     Exclusion 2.d precludes coverage for any obligation of World Wrecking or any other insured under a workers' compensation, disability benefits, or unemployment compensation law or any similar law.

50.     The Policy also contains form L266 (06/07), entitled Conditional Exclusions-Wrecking, Dismantling or Salvage Operations, which states in relevant part:

# CONDITIONAL EXCLUSIONS - WRECKING, DISMANTLING OR SALVAGE OPERATIONS

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**A.**     The following is **added** to **Section IV - Commercial General Liability Conditions:**

As a condition of this insurance, coverage must be purchased for wrecking or dismantling of buildings or structures or salvage operations and designated on the policy.

**B.**     The following exclusions are **added** to **2. Exclusions** of **Section I - Coverage A - Bodily Injury And Property Damage Liability:**

**1.**     This insurance does not apply to "bodily injury" or "property damage" caused directly or indirectly by:

**a.**     Wrecking or dismantling of buildings or structures or salvage operations conducted by you or on your behalf;

**b.**     The use of cranes, ball and chain or similar apparatus; or

**c.**     The wrecking or dismantling of any building or structure that has an original height in excess of 30 feet or three stories, whichever is less.

However, this exclusion does not apply to "bodily injury" or "property damage" caused directly or indirectly by wrecking, dismantling or salvage operations that are included in the classification and project description designated on the policy and added to the policy by endorsement.

\* \* \*

51.     The Policy also contains form L268 (04/13), entitled Wrecking, Dismantling or

Salvage Contractors-Scheduled Project or Exclusion Exception, which states as follows:

## WRECKING, DISMANTLING OR SALVAGE CONTRACTORS-SCHEDULED PROJECT OR EXCLUSION EXCEPTION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

### SCHEDULE
**PROJECT INFORMATION:**

Location of Project:     Various Locations within the States of Missouri & Illinois

Description of Project:     Wrecking, dismantling or salvaging operations not consisting of the use of cranes, ball and chain or similar apparatus and not consisting of work on any building or structure that has an original height in excess of 30 feet or three stories.

Project Effective Dates of Coverage:  From:     05/14/2018 to 05/14/2019

**PREMIUM COMPUTATION:**

| Code No. | Classification | * | Premium Basis | Rate | | Advanced Premium |
|---|---|---|---|---|---|---|
| | | | | Prem/ Ops | Prod/Comp Ops | |
| 99986 | Wrecking-buildings or structures NOC | s+ | $   1,000 | 146.152 | | $   146 |
| | | | | | Included | Included |
| 98698 | Salvage Operations NOC | P | $   100,000 | 26.679 | | $   2,968 |
| | | | | | 5.327 | 533 |

**Total Premium**   $ 3,647

**EXCLUSIONS EXCEPTIONS:**

| Description Of Operations To Be Covered | Advanced Premium |
|---|---|
| Type of Wrecking Equipment Used: | |
| Ball and Chain wrecking operations under 3 stories generating total receipts of under $1,001 per year. | $ |
| Original Height of Structure, if in excess of 30 feet or three stories: | $ |
| Other: | $   3,647 |

**Total Exclusion Exception Premium**   $ 3,647

A.    **Project Information:**

The following is **added** to **Section I-Coverage A-Bodily Injury And Property Damage Liability**.  This provision **replaces** and **supersedes** any provision to the contrary in this Coverage Part:

1.    We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage arising out of the wrecking, dismantling or salvage project shown in the Schedule of this endorsement under Project Information, for which a premium charge is shown.

2.    This insurance applies to bodily injury and property damage only if the bodily injury or property damage occurs during the time period shown in the Schedule of this endorsement as the Project Effective Dates of Coverage.

3. Any bodily injury and property damage that occur before or after the dates shown in the Schedule of this endorsement are not covered.

4. The premium for the project is fully earned on the effective date shown in the Schedule of this endorsement and no refund will be made.

**B.   Exclusion Exceptions:**

The following is **added** to **Section I-Coverage A-Bodily Injury And Property Damage Liability**.  This provision **replaces** and **supersedes** any provision to the contrary in this Coverage Part:

We will pay those sum that the insured becomes legally obligated to pay as damages because of bodily injury or property damage arising out of the operations described in the Schedule of this endorsement under **Exclusion Exceptions**, for which a premium charge is shown.

52. Forms L266 and L268 operate to bar coverage for any "bodily injury" arising out of World Wrecking's wrecking or dismantling of any building or structure that has an original height in excess of 30 feet or three stories, whichever is less.

53. At the time of the accident Mr. Hale and Mr. Ricks were at the Property to perform demolition work inside the building's freight elevator.

54. Additionally, at the time of the accident, Mr. Hale and Mr. Ricks were in a basket in an elevator shaft suspended six stories above the ground when something caused the basket to fall.  As a result, both men fell six stories in the basket and died.

55. Accordingly, endorsements L266 and L268 in the Policy bar coverage.

56. The Nautilus Policy also includes an exclusion 2.b. (Contractual Liability) that provides that this insurance does not apply to:

**b.   Contractual Liability**

"Bodily injury" or "property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement.  This exclusion does not apply to liability for damages:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assume in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. […]

* * *

57.     The Nautilus Policy defines "insured contract," as amended, in relevant part as:

* * *

**f.**     Part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or those acting on your behalf. However, such part of a contract or agreement shall only be considered an "insured contract" to the extent your assumption of the tort liability is permitted by law.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

* * *

58.     The Policy also includes an Exclusion - Punitive or Exemplary Damages that provides as follows:

The following exclusion is **added** to **2. Exclusions** of **Section I**:

This insurance does not apply to punitive or exemplary damages, including but not limited to those damages that may be imposed to punish a wrongdoer or to deter others from engaging in similar behavior.

## COUNT I - DECLARATORY JUDGMENT
### (World Wrecking - No Coverage for *Hale/Ricks* Lawsuits)

59.     Plaintiff incorporates and re-alleges the preceding paragraphs 1-58 as if fully restated and set forth herein as paragraph 59.

60.     Plaintiff does not owe a duty to defend or indemnify World Wrecking in the underlying *Hale* or *Ricks* lawsuits under the Nautilus Policy for the following reasons:

A.     The underlying *Hale* and *Ricks* lawsuits fail to allege an "occurrence" as defined by the Policy, and therefore, fail to satisfy the Insuring Agreement, Coverage A, of the Nautilus Policy;

B.     Exclusion 2.a (Expected Or Intended Injury) bars coverage;

C.     Even if the allegations of the underlying *Hale* and *Ricks* lawsuits satisfy the Insuring Agreement of the Policy, the "Injury to Employees" Exclusion bars coverage;

D.      Even if the allegations of the underlying *Hale* and *Ricks* lawsuits satisfy the Insuring Agreement of the Policy, the "Contractors or Subcontractors" Exclusion bars coverage;

E.      Even if the allegations of the underlying *Hale* and *Ricks* lawsuits satisfy the Insuring Agreement of the Policy, exclusion 2.d (Workers Compensation And Similar Laws) bars coverage;

F.      Even if the allegations of the underlying *Hale* and *Ricks* lawsuits satisfy the Insuring Agreement of the Policy, form L266 (06/07), "Conditional Exclusions-Wrecking, Dismantling or Salvage Operations" bars coverage;

G.      Even if the allegations of the underlying *Hale* and *Ricks* lawsuits satisfy the Insuring Agreement of the Policy, form L268 (04/13), "Wrecking, Dismantling or Salvage Contractors-Scheduled Project or Exclusion Exception," does not apply or otherwise precludes coverage; and

H.      The "Punitive or Exemplary Damages" Exclusion bars coverage for any punitive or exemplary damages, including but not limited to those damages that may be imposed to punish a wrongdoer or deter others from engaging in similar behavior.

## COUNT II - DECLARATORY JUDGMENT
### (World Wrecking - No Coverage for Gencorp Indemnity Demand)

61.     Plaintiff incorporates and re-alleges the preceding paragraphs 1-60 as if fully restated and set forth herein as paragraph 61.

62.     Plaintiff does not owe a duty to defend or indemnify World Wrecking in connection with the Gencorp Demand made in the underlying *Hale* or *Ricks* lawsuits under the Policy for the following reasons:

A.      The underlying *Hale* and *Ricks* lawsuits and Gencorp Demand fail to allege an "occurrence" as defined by the Policy, and therefore, fail to satisfy the Insuring Agreement, Coverage A, of the Nautilus Policy;

B.      Exclusion 2.a (Expected Or Intended Injury) bars coverage;

C.      Even if the allegations satisfy the Insuring Agreement of the Policy, the "Injury to Employees" Exclusion bars coverage;

D.        Even if the allegations satisfy the Insuring Agreement of the Policy, the "Contractors or Subcontractors" Exclusion bars coverage;

E.        Even if the allegations satisfy the Insuring Agreement of the Policy, exclusion 2.d (Workers Compensation And Similar Laws) bars coverage;

F.        Even if the allegations satisfy the Insuring Agreement of the Policy, form L266 (06/07), "Conditional Exclusions-Wrecking, Dismantling or Salvage Operations" bars coverage;

G.        Even if the allegations satisfy the Insuring Agreement of the Policy, form L268 (04/13), "Wrecking, Dismantling or Salvage Contractors-Scheduled Project or Exclusion Exception," does not apply or otherwise precludes coverage;

H.        Even if the allegations satisfy the Insuring Agreement of the Policy, exclusion 2.b (Contractual Liability) bars coverage; and

I.        The "Punitive or Exemplary Damages" Exclusion bars coverage for any punitive or exemplary damages, including but not limited to those damages that may be imposed to punish a wrongdoer or deter others from engaging in similar behavior.

## COUNT III - DECLARATORY JUDGMENT
### (Gencorp - No Coverage For Gencorp for *Hale/Ricks* Lawsuits)

63.    Plaintiff incorporates and re-alleges the preceding paragraphs 1-62 as if fully restated and set forth herein as paragraph 63.

64.    Plaintiff does not owe a duty to defend or indemnify Gencorp in connection with the underlying *Hale* or *Ricks* lawsuits under the Nautilus Policy for the following reasons:

A.        Gencorp is not identified as a Named Insured, insured, or "additional insured" in the Policy Declarations, endorsements or policy attachments, or otherwise, and therefore, is not entitled to coverage under the Policy;

B.        Further, the Policy does not include any "blanket" additional insured or similar endorsement that provides coverage to Gencorp as an "additional insured" or "insured" for the underlying lawsuits.

C.        Even if Gencorp qualifies as an "insured" or "additional insured" under the Policy, which it does not, the underlying *Hale* and *Ricks* lawsuits fail

to allege an "occurrence" as defined by the Policy, and therefore, fail to satisfy the Insuring Agreement, Coverage A, of the Nautilus Policy;

D.      Even if Gencorp qualifies as an "insured" or "additional insured" under the Policy, which it does not, exclusion 2.a (Expected Or Intended Injury) bars coverage;

E.      Even if Gencorp qualifies as an "insured" or "additional insured" under the Policy, which it does not, the "Injury to Employees" Exclusion bars coverage;

F.      Even if Gencorp qualifies as an "insured" or "additional insured" under the Policy, which it does not, the "Contractors or Subcontractors" Exclusion bars coverage;

G.      Even if Gencorp qualifies as an "insured" or "additional insured" under the Policy, which it does not, exclusion 2.d (Workers Compensation And Similar Laws) bars coverage;

H.      Even if Gencorp qualifies as an "insured" or "additional insured" under the Policy, which it does not, form L266 (06/07), "Conditional Exclusions-Wrecking, Dismantling or Salvage Operations" bars coverage;

I.      Even if Gencorp qualifies as an "insured" or "additional insured" under the Policy, which it does not, form L268 (04/13), "Wrecking, Dismantling or Salvage Contractors-Scheduled Project or Exclusion Exception," does not apply or otherwise precludes coverage; and

J.      The "Punitive or Exemplary Damages" Exclusion bars coverage for any punitive or exemplary damages, including but not limited to those damages that may be imposed to punish a wrongdoer or deter others from engaging in similar behavior.

## Relief Requested

**WHEREFORE**, Plaintiff NAUTILUS INSURANCE COMPANY prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the Nautilus Policy, together with the following relief:

a.  That this Court find and declare that Nautilus has no duty to defend World Wrecking & Salvage Services, Inc., and/or Active Holdings Group d/b/a Gencorp

Services, LLC, in connection with the underlying *Hale* and *Ricks* lawsuits and/or Gencorp Demand;

b.  That this Court find and declare that Nautilus has no duty to indemnify World Wrecking & Salvage Services, Inc., and/or Active Holdings Group d/b/a Gencorp Services, LLC,in connection with the underlying *Hale* and *Ricks* lawsuits and/or Gencorp Demand;

c.  That this Court grant such other and further relief as it deems just and equitable.

Dated: February 14, 2020                    Respectfully submitted,

                                            HESSE MARTONE, P.C.

                        By:      */s/ Josephine Abshier*_____
                                Josephine P. Abshier, #56708
                                530 Maryville Centre Drive, Ste. 250
                                St. Louis, MO 63141
                                (314) 862-0300 – Telephone
                                (314) 862-7010 – Facsimile
                                josephineabshier@hessemartone.com

                                Dana A. Rice (to be admitted Pro Hac Vice)
                                Jason Taylor (to be admitted Pro Hac Vice)
                                Traub Lieberman Straus & Shrewsberry LLP
                                303 West Madison Street, Ste. 1200
                                Chicago, IL 60606
                                (312) 332-3900 – Telephone
                                drice@tlsslaw.com

                                ATTORNEYS FOR NAUTILUS INSURANCE COMPANY